UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | Case No. 23-cv-00447-JST (RS)<br><br>**ORDER DENYING MOTION FOR RECUSAL** |

Plaintiff Jason Levette Washington filed a motion to recuse Judge Jon S. Tigar from this action. Washington asserts Judge Tigar "demonstrated an unreasonable bias or prejudice" against him, improperly disregarded evidence, cannot be impartial in this action due to having a close relationship with another (unspecified) Defendant, and is politically biased. Dkt. 6, at 2. For the reasons set forth below, the motion is denied.

A party may move to recuse a judge from presiding in a given case. Motions to recuse fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Specifically, under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under § 455(a) and § 455(b)(1) as well. *Sibla*, 624 F.2d at 867. A federal judge is presumed to be impartial, and the burden is therefore on the party seeking recusal to overcome this presumption. *See, e.g.*, *Saddozai v. Davis*, No. 18-cv-5558, 2019 WL 13216339, at *1 (N.D. Cal. Aug. 26, 2019). Recusal is not warranted where claims of bias are purely speculative. *Yagman*, 987 F.2d at 626.

Washington claims Judge Tigar has demonstrated bias against him "throughout the proceedings" and "disregarded crucial evidence," Dkt. 6, at 2, but fails to specify any instances of bias or examples of disregarded "crucial evidence." This allegation, without more, is insufficient to warrant recusal. Washington also alleges Judge Tigar has a "close professional" relationship with a Defendant in this action that "could affect" his ability to be impartial. *Id.* Washington does not identify which Defendant he means nor does he otherwise allege facts demonstrating bias or prejudice. *See id.* Again, this sort of speculative assertion, unsupported by evidence, is insufficient to warrant recusal. *See Yagman*, 987 F.2d at 626. The Ninth Circuit has declined to find recusal required where a presiding judge had a friendship with a defendant. *See Sewer Alert Comm. v. Pierce County*, 791 F.2d 796, 798 (9th Cir. 1986). Recusal is warranted where the circumstances of a personal relationship would lead a reasonable person to conclude a judge's impartiality might reasonably be questioned, but no such circumstances have been alleged here. Third, Washington alleges Judge Tigar is politically biased. Yet again, Washington fails to explain what that political bias might be or to support this allegation with evidence. Washington suggests various exhibits in this action show political preference without detailing how specific exhibits might do so.

None of Washington's conclusory, speculative claims are sufficiently supported to make a showing that a reasonable person would doubt Judge Tigar's impartiality in this case. Recusal is

not warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455, and the motion for recusal is denied.

**IT IS SO ORDERED**.

Dated: October 30, 2023

_____
RICHARD SEEBORG
Chief United States District Judge